IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ADAMS, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 cv 8759 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | Magistrate Judge Michael T. Mason |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Adams ("claimant" or "Adams") filed this action seeking judicial review of the decision of the Commissioner denying in part Adams' application for Supplemental Security Income ("SSI") under Section 1614 of the Social Security Act (the "Act"). 42 U.S.C. § 1382c(a)(3)(A). Defendant Commissioner of Social Security ("Commissioner") brings this motion to dismiss this action for lack of subject matter jurisdiction [14]. For the reasons set forth below, defendant's motion is granted and the complaint is dismissed.

**I. Background**

Adams filed his first application for SSI on February 23, 2010 ("the 2010 application"). The 2010 application sought benefits for a period of disability beginning on June 13, 2007. That application was denied in May of 2010 and Adams did not appeal that denial. Adams filed a second application for SSI on April 12, 2011 ("the 2011 application"), seeking benefits for a period of disability beginning April 12, 2011. The 2011 application was also denied initially and on reconsideration. A timely request for a hearing was filed, and at the hearing, Adams requested the reopening of the 2010 application. In a decision

dated August 31, 2012, Administrative Law Judge B. Carlton Bailey, Jr. ("ALJ Bailey") allowed the 2011 application, but declined to reopen the 2010 application. Accordingly, the ALJ awarded Adams benefits for the period beginning on April 12, 2011, but not dating all the way back to June 13, 2007.

Adams then filed this action on December 9, 2013, seeking judicial review of the final decision of the Commissioner denying his request to reopen the 2010 application and allow him benefits for the period beginning on June 13, 2007. Because Adams did not appeal the denial of the 2010 application, review of that decision is generally barred by the doctrine of res judicata, which would also deprive this Court of subject matter jurisdiction. However, Adams alleges that ALJ Bailey "constructively reopened" the 2010 application, and he asks the Court to reverse ALJ Bailey's decision and allow his claim for benefits for the period beginning on June 13, 2007, or to remand to the ALJ for further proceedings.

On June 6, 2014, the Commissioner filed a motion to dismiss Adams' complaint for lack of subject matter jurisdiction. That motion is now pending before this Court. The Commissioner argues that this Court lacks subject matter jurisdiction because the 2010 application was not "constructively reopened." For the reasons set forth below, the motion to dismiss is granted.

**II. Discussion**

Generally, "when a claimant takes no action to review a decision of an ALJ, that decision becomes final and binding on the parties," and the doctrine of res judicata applies to that decision. *Hussain v. Commissioner of Social Security*, No. 13-3691, 2014 WL 4230585, at *11 (S.D.N.Y. Aug. 27, 2014). Therefore, when a claimant asks an ALJ to reopen a prior claim, where a final decision has previously been rendered, that ALJ may refuse that request under the doctrine of res judicata. *Id.* Thereafter, federal courts lack

2

jurisdiction to review the ALJ's decision not to reopen a prior claim. *Malone v. Commissioner of Social Security,* No. 13-488, 2013 WL 2927293, at *2 (N.D.N.Y. June 27, 2014). This is because a decision not to reopen a previous determination is not a final decision, and therefore is not within this Court's jurisdiction. *McLachlan v. Astrue*, 703 F. Supp. 2d 791, 795 (N.D. Ill. 2010) (*citing Califano v. Sanders*, 430 U.S. 99, 107-09 (1977)). As the Supreme Court explained in *Califano*, this policy is designed to "prevent repetitive or belated litigation of stale claims." *Id.*

There are two exceptions to this general rule that we do not have jurisdiction to review an ALJ's decision not to reopen a prior claim. The first exception is "in those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Id.* (*citing Califano,* 430 U.S. at 108*).* The second exception is where the ALJ has nevertheless "constructively reopened" the prior application. *McLachlan*, 703 F. Supp. 2d at 795 (*citing McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981)). A prior application is deemed to have been constructively reopened "if the Commissioner reviews the entire record and renders a decision on the merits." *Malone*, 2014 WL 2927293, at *2; *see also Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003) ("if the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and any claim of administrative res judicata [is] waived and thus, the claim is subject to judicial review"); *Hussain*, 2014 WL 4230585, at *11 (constructive reopening occurs "where the ALJ reconsiders the merits of a prior application as if the prior adverse determination were not binding on the claimant"); *McLachlan*, 703 F. Supp. 2d at 795 (a decision not to reopen can be reviewed where "the ALJ nonetheless reconsidered an otherwise final determination on the merits to any extent and at any administrative level").

Here, Adams does not raise any constitutional challenges, but he does claim that the latter exception applies because, he argues, ALJ Bailey "constructively reopened" the denial of the 2010 application. In particular, he notes that ALJ Bailey stated in his decision that the impairments listed in the 2010 application "would not result in a less than sedentary residual functional capacity." ALJ Bailey also noted that social functioning "was not shown in the record to exist at the marked level of severity until the current application date." Based on these comments, Adams argues that ALJ Bailey reviewed the nature, extent and severity of his impairments prior to the 2011 application and therefore, ALJ Bailey constructively reopened his 2010 application.

We disagree with claimant's assertion that the constructive reopening doctrine is so broad. Here, ALJ Bailey expressly declined to reopen the 2010 application, and in the comments Adams relies upon, ALJ Bailey was merely referencing the period prior to the 2011 application as a way of explaining why he would not reopen the prior application. In *Byam v. Barnhart,* 336 F.3d at 180, the Second Circuit examined a very similar set of facts and held that although the applicant "point[ed] to language that, when read in isolation, suggest[ed] that the ALJ may have considered the merits of the earlier applications," when this language is put in context of the ALJ's decision, "it is clear to us that the ALJ did not consider the merits of the prior application." *Id.*

The reasoning set forth in *Byam* applies squarely to the facts in this case.[1] Except for the few sentences that the claimant relies upon, the remainder of the ALJ's opinion addresses the evidence and ailments that are a part of the 2011 application. Adams

---

[1]In *Byam*, the Court did find that there was subject matter jurisdiction based on claimant's constitutional challenge regarding her mental incapacity. *Id.* at 181. Again, Adams has not raised any constitutional challenges here.

argues that the ALJ considered evidence from the prior period, but this argument fails because "it presupposes that an ALJ necessarily reaches the merits of a prior application when it considers evidence from that prior period." *Hussain,* 2014 WL 4230585, at 12. "On the contrary, ALJs regularly review prior evidence for the propose of considering an open application, as such evidence is often relevant to the claimant's medical condition for the period in which benefits are claimed." *Id.* Therefore, "a court should not infer that an ALJ considered the merits of a prior application simply because the ALJ reviewed medical evidence dating from the prior application period." *Id.*; *see also McLachlan*, 703 F. Supp. 2d at 799 (the ALJ's reference to evidence dated before the application at issue cannot be construed as a new determination on the merits of a claimant's prior application). For these reasons, we find that ALJ Bailey's reference to evidence from the prior period amounted only to that type of "threshold inquiry" that courts have determined does not amount to constructive reopening. *See Hussain,* 2014 WL 4230585, at *11 (denying claimant's constructive reopening argument even where the ALJ's decision included a three page discussion of evidence that was relevant to the prior application); *Beuhler v. Astrue*, No. 08-732, 2009 WL 2495749, at *6 (W.D. Wisc. Aug. 12, 2009) (finding no constructive reopening where the ALJ reviewed medical records relevant to earlier application only so that he could "evaluate the history of claimant's alleged impairments").

Claimant attempts to distinguish his case from *Byam* by arguing that because his second claim was filed within a year of the denial of the 2010 application, a different standard applies to the issue of whether the ALJ constructively reopened that application. This argument is without merit. Nothing in the case law suggests that a different standard should apply in Adams' situation because of the timing of his second application. *See, e.g., Buehler,* 2009 WL 2495749, at *6 (finding no constructive reopening and applying the

*Byam* standard even where the second application was filed within four months of the denial of the claimant's initial claim). Similarly, we reject Adams' argument that the Appeals Council constructively reopened the 2010 application. We have reviewed the record and we disagree with his assertion that the Appeals Council conducted more than a threshold inquiry. *See Fiske v. Astrue*, 476 Fed. Appx. 526, 527-28 (4th Cir. 2012) (rejecting claimant's argument that the Appeals Council considered the evidence on the merits).

## III. CONCLUSION

We find that the ALJ did not rule on the merits of the 2010 application. Therefore, we agree with the Commissioner that we do not have subject matter jurisdiction, and Adams' complaint is dismissed.

ENTER:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: October 3, 2014**